## Commonwealth v. Reed.

*Criminal law — Fornication and bastardy — Evidence — Competency of mother of bastard.*

1. The testimony of a person other than the one charged with fornication and bastardy that he had illicit connection with the mother of the bastard about the time the child was begotten, if believed by the jury, renders the mother incompetent to prove the paternity of her child.

*New trial—Weight of evidence—Setting aside verdict.*

2. The power of setting aside a verdict on the ground that it is against the weight of the evidence is never exercised except in a very clear case.

Motion for new trial. Q. S. Schuylkill Co., Jan. Sess., 1923, No. 87.

*Cyrus M. Palmer*, District Attorney, for Commonwealth.

*B. J. Duffy, R. J. Graeff* and *A. D. Knittle*, for defendant.

BERGER, J. — The defendant, having been convicted of fornication and bastardy, has moved for a new trial, assigning as reasons, *inter alia*, that the verdict is (1) against the charge of the court; and (2) against

the evidence. The defendant admitted the act of fornication as charged, and defended against the bastardy on the ground that the prosecutrix was incompetent by her testimony to fix the paternity of her child, because she had sexual intercourse about the time her child was begotten with others besides the defendant. In Com. v. McCarty, 2 Pa. L. J. Reps. 351, it was held that the testimony of a person other than the one charged with the fornication and bastardy that he had illicit connection with the mother of the bastard about the time the child was begotten, if believed by the jury, rendered her incompetent to prove the paternity of her child. The ground upon which this is based is thus stated by Lewis, P. J. (page 140) : "But the first count, charging the defendant with the offence of fornication and bastardy, stands upon different ground. The prosecutrix is a competent witness to establish this charge. If you believe her testimony, you should find the defendant guilty on this count. If, on the contrary, you should believe from the testimony of John Reibsam that she had submitted to improper connection with him about the time when the child was begotten, this circumstance destroys her competency as a witness to prove that defendant is the father of her child. The organs of conception, like those of digestion, perform their appropriate offices without the volition of the female. She is not conscious at the moment of the occurrence of what has taken place. It is only by inference that she can fix the paternity of her offspring. If her intercourse has been confined to one individual, there is no difficulty in drawing a correct conclusion from the premises. But if she exposed herself to the embraces of several at or about the time she became pregnant, she has placed it out of her power to draw any safe conclusions on the subject. Where two causes are shown to exist, either of which is adequate to produce the effect, and there are no circumstances to determine the mind in favor of either, the cause must necessarily remain uncertain, and in that case there is not sufficient evidence to justify a conviction. The credibility of Reibsam is, of course, for the jury."

According to the evidence, the defendant met the prosecutrix for the first time one evening on the streets of Tamaqua, and that evening, and at no other time, had illicit connection with her in a garage. The next evening she was in a room alone with another man, under such circumstances that an inference that she had illicit connection at that time may fairly be drawn. The prosecutrix, on cross-examination, admitted that she had illicit connection with a person other than the defendant after her last menstrual period, and before discovering that she was pregnant, but, on reflection and on re-direct examination, she denied this. The case was properly submitted to the jury in a charge instructing them that if they believed from all the evidence that the prosecutrix had illicit connection with others at the times fixed, then a verdict of not guilty on the charge of bastardy should be returned. The jury, however, convicted the defendant of fornication and bastardy. The general rule governing the granting of a new trial on the ground that the verdict is against the evidence is stated by Rice, P. J., in Com. v. Casey, 3 Dist. R. 413, 417, in this manner: "To say that the verdict was against the weight of the evidence would be to say, in effect, that the jury ought not to have credited these witnesses; and while the power of the court to set aside a verdict upon that ground cannot be questioned, it is a power that is never exercised except in very clear cases." Giving full weight to the rule just stated, having in mind the impression the prosecutrix created when she testified, we believe that the ends of justice are best met by granting a new trial on the charge of bastardy, letting the conviction on the charge of fornication stand, and it is so ordered.                    From M. M. Burke, Shenandoah, Pa.